```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT CAPP,

                Plaintiff,                      ORDER
                                                10-CV-679 (JFB)(ARL)
         – against –

N.Y.S. DEPT. OF TRANSPORTATION, et al.,

                Defendants.
----------------------------------------X
BRANDON MURPHY,

                Plaintiff,                      ORDER
                                                10-CV-681 (JFB)(ARL)
         – against –

N.Y.S. DEPT. OF TRANSPORTATION, et al.,

                Defendants.
----------------------------------------X
PETER MALVICA,

                Plaintiff,                      ORDER
                                                10-CV-682 (JFB)(AKT)
         – against –

N.Y.S. DEPT. OF TRANSPORTATION, et al.,

                Defendants.
----------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

The complaints in the three above-captioned cases were filed on February 17, 2010. Initially, number 10-679 was assigned to the undersigned, number 10-681 was assigned to Judge Seybert, and number 10-682 was assigned to Judge Wexler. On May 18, 2010, defendants moved to consolidate all three cases, arguing that all three cases involve common questions of law and fact. Plaintiffs have not opposed defendants' motion. Cases 10-681 and 10-682 have now been reassigned to the

undersigned.

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Trans. Comm'cns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted). Cases may be consolidated even where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first

2

suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, all three actions involve common questions of law and fact. Specifically, plaintiffs allege, among other things, that they were discriminated against for supporting charges of discrimination brought by the other plaintiffs. (See Motion to Consolidate ¶¶ 2-4.). Accordingly,

IT IS HEREBY ORDERED that defendants' unopposed motion to consolidate is granted;

IT IS FURTHER ORDERED that the Clerk of Court consolidate the three above-captioned cases under the first case filed, docket number 10-679; and

IT IS FURTHER ORDERED that the Clerk of Court shall close the cases with docket numbers 10-681 and 10-682 and direct any further filings in those cases to 10-679.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2010
Central Islip, New York

3